**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **RAVEN D. MACK,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **No. 5:14-cv-165 (MTT) (CHW)** |
| | : | |
| **CAROLYN W. COLVIN,** | : | **Social Security Appeal** |
| **Acting Commissioner of Social Security,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Raven D. Mack's application for benefits. In accordance with the analysis below, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

## BACKGROUND

Plaintiff applied for Title II and Title XVI benefits in July 2010, alleging disability due to "symptomatic HIV," mood and affective disorders, and degenerative disorders of the back. (R. 55–58). Plaintiff's applications were denied initially and on reconsideration, and in April 2012, a hearing was held before a reviewing administrative law judge ("ALJ"). (Doc. 11-2). At that hearing, Plaintiff testified and the ALJ inquired about Plaintiff's medications, and their resulting side effects. (R. 40–43). Plaintiff alleged that his medications cause "diarrhea a couple times a week," that they sometimes cause Plaintiff to become disoriented, that they impair Plaintiff's concentration, and that they cause drowsiness. (R. 41–43). On June 22, 2012, though, the ALJ found that Plaintiff was only partially credible with regard to his alleged symptoms, and also that Plaintiff was not "disabled" within the meaning of the Social Security Act. (R. 12–22).

The Appeals Council denied review in Plaintiff's case on February 26, 2014, (R. 1–3), and Plaintiff now seeks review before this Court, arguing that the ALJ erred by failing to adequately assess Plaintiff's alleged side effects. Because the record does not support Plaintiff's argument, and because the Commissioner's decision is supported by substantial evidence, it is recommended that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

Judicial review of a decision of the Commissioner of Social Security is limited to a determination of whether that decision is supported by substantial evidence, as well as whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence" is defined as "more than a scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Eleventh Circuit has explained that reviewing courts may not decide the facts anew, reweigh the evidence, or substitute their judgment for that of the Commissioner. *Id.* Rather, if the Commissioner's decision is supported by substantial evidence, that decision must be affirmed even if the evidence preponderates against it.

## EVALUATION OF DISAIBLITY

Social Security claimants are "disabled" if they are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of

impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at 1178 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v)).

## DISABILITY EVALUATION IN THIS CASE

Following the five-step sequential evaluation process, the reviewing ALJ made the following findings in this case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 11, 2010, his alleged onset date. (R. 14). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "human immunodeficiency virus (HIV), degenerative disc disease of the lumbar spine, bipolar disorder and a personality disorder with antisocial features." (R. 14). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the severity of one of the listed impairments. (R. 15). Therefore, the ALJ assessed Plaintiff's RFC and determined that Plaintiff could perform:

> [L]ight work . . . with exceptions. The claimant can lift/carry 20 pounds occasionally and 10 pounds frequently and can occasionally climb ramps or stairs, balance, stoop, kneel, crouch or crawl; however, the claimant cannot climb ropes, ladders or scaffolds. Furthermore, the claimant must avoid concentrated exposure to hazards such as unprotected heights. Moreover, the claimant is limited to unskilled work tasks with no ongoing contact with the general public or team-type work with co-workers.

(R. 16)

At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work. (R. 20). At step five, though, the ALJ determined that Plaintiff could perform the requirements of representative occupations like "Construction Worker II," "Cashier II," or "Maintenance-Mechanic Helper." (R. 20). As a result, the ALJ determined that Plaintiff was not "disabled" within the meaning of the Social Security Act.

## ANALYSIS

Plaintiff's only ground for relief, that the ALJ erred in assessing Plaintiff's reported medication side effects, is not supported by the record. Accordingly, because substantial evidence supports the Commissioner's decision, Plaintiff's case should be affirmed.

Plaintiff claims that the ALJ ignored both medication side-effect findings from Dr. James DeGroot, a consultative psychological examiner, (R. 445–50), and medication side-effect testimony from Plaintiff, (41–43). The record indicates otherwise. After summarizing Dr. DeGroot's findings about Plaintiff's "reported" side effects (R. 450), the ALJ indicated that she: (i) found Plaintiff to be less than credible with regard to his subjective symptoms, including the alleged medication side effects complained of in this action;[1] (ii) found that the State Agency psychological examiners accurately found that Plaintiff suffered from "only mild limitations with respect to activities of daily living," and "only moderate restrictions with regard to maintaining social functioning and maintaining concentration, persistence or pace;" (iii) noted that Dr. DeGroot's medication side-effect findings appeared to be based, in large part, on Plaintiff's own discounted subjective statements; and (iv) expressly found that Dr. DeGroot's opinion was "overly restrictive" and "not supported by the medical evidence in the record." (R. 19–20).

---

[1] *See*, *e.g.*, *Walker v. Comm'r*, 404 F. App'x 362, 366–67 (11th Cir. 2010).

Substantial evidence supports the ALJ's decision to discount both Dr. DeGroot's opinion and Plaintiff's testimony concerning his alleged medication side effects. Plaintiff cites to only three medical records—other than Dr. DeGroot's records—which indicate that Plaintiff suffered from medication side effects, and those records do not indicate that Plaintiff suffered from side effects inconsistent with an RFC allowing for modified light work. (Doc. 16, p. 2). One of the records cited by Plaintiff indicates only that Plaintiff suffered from "some nausea" due to taking Lortab. (R. 417). Two other records describe symptoms of nausea, diarrhea, and vomiting, but both records show that Plaintiff nevertheless reported that she was able to function. One record indicates that Plaintiff's side effects were "not enough to where her life is in distraught," (R. 529), and the other record indicates that Plaintiff's symptoms were "tolerable." (R. 531).

Plaintiff's activities of daily living also are also inconsistent with the severity of medication side effects alleged by Plaintiff. As noted by the ALJ, (R. 17–18), Plaintiff is able to live alone, albeit in the Rainbow Center, (R. 33), and he is also able to take care of his own person and to perform basic household chores. (R. 39–40). *Cf. Werner v. Comm'r*, 421 F.App'x 935, 938 (11th Cir. 2011) (holding that substantial evidence supported an RFC allowing for light work where the claimant "lived alone and performed basic household activities").

In summary, the ALJ adequately identified and assessed Plaintiff's allegations of medication side effects, and substantial evidence supports the ALJ's decision to discount the severity of side effects that Plaintiff both reported to Dr. DeGroot and testified about at his administrative hearing. As a result, the Court should affirm.

## CONCLUSION

After a careful consideration of the record, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may

serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 1st day of April, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge